

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Kevin George v. Steve Chronister

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Kevin George v. Steve Chronister" (2009). *2009 Decisions*. Paper 1679.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1679

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-116                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2407
_____

KEVIN GEORGE,
                                                Appellant

v.

STEVE CHRONISTER, The Commissioner of York County Prison, PA;
THOMAS HOGAN, The Warden of York County Prison, PA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01554)
District Judge:  Honorable Yvette Kane, Chief Judge
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: March 26, 2009 )
_____

OPINION
_____

PER CURIAM

Kevin George, presently in custody as an immigration detainee,[1] appeals from the order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in George's civil rights action in the defendants' favor based on his failure to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA).

We assume the parties' familiarity with the facts, as set forth by the District Court in its Memorandum Opinion. There are four essential facts that bear repeating here. First, after George posted bail on a state criminal charge, he was placed in ICE custody and held at the York County Prison (YCP) as an ICE detainee from March through June 29, 2006, the time period in which the two incidents he complains of allegedly occurred. Second, when he filed his original civil rights complaint in the District Court in August 2006, George was in state custody serving a prison sentence on a state conviction at the Curran-Fromhold Correctional Facility. Third, in the time period from March through June 2006, George submitted four Medical Request forms to the YCP medical staff. Fourth, the YCP's inmate grievance process, known as the Complaint Review System (CRS), was available to George from March through June 2006.

George filed a civil rights complaint alleging that the defendants violated his constitutional rights when he was injured in March and June 2006 as a result of poor

---

[1]George is currently housed at the York County Prison as an ICE detainee awaiting deportation to Nigeria.

prison conditions. The defendants answered George's amended complaint. At the close of the discovery period, the defendants filed a motion for summary judgment claiming, among other things, that George failed to exhaust his administrative remedies under the PLRA because he did not file an administrative complaint pursuant to the YCP inmate grievance process. George filed a brief in opposition asserting that he was an ICE detainee when the incidents occurred and, therefore, he was not required to exhaust the prison grievance process under § 1997e(a). He argued that, in any event, he had exhausted his administrative remedies by filing four medical request forms. The Magistrate Judge issued a Report recommending that the defendants' summary judgment motion be denied. The Magistrate Judge found that George was in YCP custody as an ICE detainee when the alleged incidents occurred and, thus, the exhaustion requirement under § 1997e did not apply because he was not a "prisoner," as that term is defined in § 1997e(h). The defendants objected, claiming that George was a prisoner because he was charged with and convicted of a crime during the three month period in which the alleged incidents occurred and, thus, as a "prisoner," he was required to exhaust his administrative remedies under § 1997e(a).

The District Court disagreed with the Magistrate Judge's reasoning and conclusion and with the Defendants' objections, because they relied on George's prisoner status in March to June 2006, when the alleged incidents occurred, as determinative of the PLRA's applicability in George's case. The District Court held that George was subject to the

3

exhaustion provisions of § 1997e(a), because he was a "prisoner" under § 1997e(h) at the time that he brought his civil rights complaint in the District Court in August 2006.  The court also determined that George failed to exhaust the prison's administrative remedy process.  The District Court rejected the Magistrate Judge's Report and Recommendation, overruled the Defendants' objections, and granted the defendants' summary judgment motion.  George filed this timely appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Upon de novo review of the record and careful consideration of George's response to the notice of possible summary action, we conclude that no substantial question is presented on appeal and that summary action is warranted.  See LAR 27.4 and I.O.P. 10.6.

We agree with the District Court's reasoning and conclusion that George had to exhaust his prison administrative remedies under the PLRA before he filed his civil rights suit.  Section 1997e(a) provides that "[n]o action *shall be brought* with respect to prison conditions . . . *by a prisoner* confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted" (emphasis added).  As the District Court correctly stated, for exhaustion purposes under the PLRA, the plaintiff's status as a "prisoner" is determined at the time his complaint is "brought" or filed in court, not when the alleged incident(s) occurred.  See Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002) (noting that a former prisoner is not precluded by the PLRA from filing a § 1983 suit for incidents concerning prison conditions that occurred prior to his

4

release); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (noting that the PLRA's exhaustion provision "requires that the plaintiff exhaust administrative remedies, but only if the plaintiff is a prisoner at the time of filing"). In determining whether a plaintiff is a "prisoner" under the PLRA's exhaustion provision, the District Court properly looked to the definition of the term "prisoner" in 42 U.S.C. §§ 1997e(h). Section 1997e(h) defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law. . . ." Guided by our decision in Ahmed, and applying the language of the PLRA, the District Court correctly ruled, based on the undisputed facts, that George was a "prisoner" under the PLRA because he was in custody at a prison facility serving a sentence on his criminal conviction at the time he filed his civil rights complaint in August 2006. Thus, the District Court properly concluded that the PLRA's exhaustion provision applied to him.

We also agree with the District Court's reasoning and conclusion that George failed to properly exhaust his available administrative remedies. See Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004) ("A prisoner must properly (i.e. on pain of procedural default) exhaust administrative remedies as a prerequisite to a suit in federal court"). The District Court described the YCP's Complaint Review System (CRS) that is detailed in the YCP inmate handbook. It is undisputed that George failed to pursue a prison grievance through the CRS. He protests on appeal that the District Court failed to

5

consider the four medical request forms that he submitted in March and June 2006, as proof of his substantial compliance with the CRS. His claim is meritless. Compliance with the administrative remedy scheme will be satisfactory if it is substantial. See Nyhuis v. Reno, 204 F.3d 65, 77 (3d Cir. 2000). Here, upon full and careful examination of the content of the medical request forms, the District Court properly held that these forms "fall far short of the mark" of establishing substantial compliance with the YCP's prison grievance system because none of the forms raised the allegations of wrongdoing that George complained of in his civil rights suit. We agree.

Accordingly, we will affirm the judgment of the District Court.